**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JACKALYNN CRAVEN LAUGHNER, individually and on behalf of all others similarly situated, Plaintiff, | : | CIVIL ACTION NO. 16-CV-361 (JCH) |
| v. | : | |
| MONTEREY COLLECTION SERVICES, ET AL., Defendants. | : | MAY 27, 2016 |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 12)**

## I. INTRODUCTION

Jackalynn Craven Laughner ("Craven Laughner") brings this action under the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692 et seq., as a putative class action against Monterey Collection Services ("Monterey") and twenty-five unknown "individuals and businesses . . . whose identities will be disclosed in discovery" ("defendants"). Complaint (Doc. No. 1) ¶ 10. The gravamen of her Complaint is that Monterey sent her a debt collection letter that, by "creating a false sense of urgency," 58 Fed. Reg. 50,097; 50,108 (Dec. 13, 1998), constituted a "false deceptive, or misleading representation" within the meaning of the FDCPA, 15 U.S.C. § 1692e(10). Complaint ¶ 31-37.

The defendants have moved to dismiss on the ground that the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see Defs.' Mot. to Dismiss ("Defendants' Motion") (Doc. No. 12). The defendants contend that, because Monterey obtained Craven Laughner's debt before she defaulted, they are not "debt collectors" as that term is defined in the FDCPA. Defs.' Mem. of Law in Support of their

Mot. to Dismiss ("Defendants' Memorandum") (Doc. No. 13) at 4-5. On this basis, they claim that Craven Laughner cannot state a claim under the FDCPA.

Craven Laughner has opposed the Motion on the ground that her Complaint's allegation that "Defendant is a 'debt collector,' as defined under the FDCPA under 15 U.S.C. § 1692a(6)," Complaint ¶¶ 9, 22, is legally sufficient to withstand a motion to dismiss. Plaintiff's Opposition (Doc. No. 20) at 4. She further contends that the documents submitted by the defendants establishing that Monterey does not meet the definition of "debt collector" under the FDCPA may not be considered because they were "neither attached to nor referenced in the [ ] Complaint." Id. at 6 (internal citation omitted).

For the reasons set forth below, the defendants' Motion is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## II. DISCUSSION

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

Congress passed the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The Act provides that:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The Act excludes certain categories of persons from the definition of "debt collector."

> The term ["debt collector"] does not include[ ] . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity . . . concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(iii).

The Second Circuit has instructed that, to survive a motion to dismiss, a Complaint alleging a violation of the FDCPA must "plausibly allege that [the defendant] qualifies as a debt collector under FDCPA," and consequently must, in the complaint, "allege that [the defendant] acquired [the plaintiff]'s debt after it was in default." Roth v. CitiMortgage Inc., 756 F.3d 178, 183 (2d Cir. 2014); see also Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F. App'x 89, 96-97 (2d Cir. 2012) (summary order) (same); Obot v. Sallie Mae, 602 F. App'x 844, 845 (2d Cir. 2015) (summary order) (same).

Although she alleges a transfer of the debt, Craven Laughner's Complaint does not allege that Monterey's "activity . . . concerns a debt which was not in default at the time it was obtained" by Monterey. 15 U.S.C. § 1692a(6)(F)(iii). On its face, the Complaint fails "plausibly to allege that [Monterey] qualifies as a debt collector under

[the] FDCPA." Roth, 756 F.3d at 183. For this reason, Craven Laughner's Complaint must be dismissed for failure to state a claim. Iqbal, 556 U.S. at 678.

In this case, the defendants have appended to their Motion to Dismiss a letter to Craven Laughner from Monterey, dated November 5, 2014, that reads "Monterey Financial Services has recently purchased [Craven Laughner's debt]," indicating that her balance was "0.00," and her next payment due on December 10, 2014. Defendant's Motion Exhibit B (Doc. No. 14) at 8. The court will not consider the documents proffered by the defendants at this time. Rather, the court will allow Craven Laughner to replead—should she have a basis in law or fact—facts that plausibly show that the defendants are "debt collectors" within the meaning of the FDCPA, as described above.

## III. CONCLUSION

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. No. 12) is **GRANTED**. Craven Laughner's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** to replead if done so within 21 days of this Ruling.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 27th day of May, 2016.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge